IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Lovell Jenkins, )
    Petitioner, )
)
v. ) 1:19cv1394 (TSE/MSN)
)
Harold W. Clarke, )
    Respondent. )

## MEMORANDUM OPINION & ORDER

Virginia inmate Lovell Jenkins has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that he received constitutionally defective assistance of counsel. See Dkt. No. 1. Respondent filed a Rule 5 Answer and a motion to dismiss [Dkt. Nos. 11-13]. Although petitioner was afforded the notice required by Local Rule 7K and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 14], he has not filed a response. Respondent's motion is ripe for adjudication. For the reasons that follow, the motion to dismiss must be granted, and the petition will be dismissed.

### Background

On August 22, 2016, in the Circuit Court for the City of Suffolk, petitioner executed a plea agreement to one charge of possession of oxycodone with intent to distribute. See CR16000982-00. On December 1, 2016, the circuit court sentenced petitioner to a term of imprisonment of ten years, with five years suspended, resulting in an active sentence of five years. Id. Petitioner moved for reconsideration of his sentence but did not file a direct appeal to the Court of Appeals of Virginia. Id.

Approximately a year and a half after being sentenced, on or about April 17, 2018,[1] petitioner filed a petition for a writ of habeas corpus in the circuit court in which he was sentenced. CL18000993-00. The circuit court dismissed the habeas petition on November 27, 2018. Id.; Resp. Ex. 1. Petitioner failed to file a timely notice of appeal, and, for that reason, invoking Rules 5:9(a) and 5:17(a)(i), the state supreme court dismissed petitioner's appeal on July 31, 2019.[2] Record. No. 190740.

On October 24, 2019, petitioner filed the instant petition, asserting only one ground for relief:

> The petitioner received constitutionally deficient assistance of counsel where a significant conflict of interest existed between the petitioner and his trial counsel which constitutes a per se violation of the Sixth Amendment and deprived the petitioner of his right to due process of law and issuance of a voluntary and intelligent plea.

Dkt. No. 1.

### Statute of Limitations

Respondent contends that the instant petition is untimely. A § 2254 petition for a writ of

---

[1] Petitioner did not indicate the date on which he signed and submitted the petition, but the document bears a stamp indicating that the circuit court filed it on April 17, 2018. See CL18000993-00.

[2] The record demonstrates that petitioner filed a notice of appeal on February 6, 2019. See CL18000993-00. In its denial of petitioner's appeal, though, the Supreme Court of Virginia states that petitioner filed a "motion for leave to file a belated appeal" on June 7, 2019 and does not mention petitioner's February 2019 notice. Record No. 190740. The Virginia Court System website's record of petitioner's state supreme court case equally fails to show petitioner's February 2019 notice of appeal. Although this discrepancy is peculiar, it ultimately does not affect the instant petition; whether petitioner noted an appeal in February or June of 2019, that notice was untimely pursuant to Rule 5:9(a) of the Supreme Court of Virginia, which requires notices to be filed within thirty days of the entry of final judgment. Because petitioner's appeal was denied by the trial court on November 27, 2018, petitioner had until December 27, 2018 to notice his appeal. He did not do so, and his appeals were therefore untimely. Furthermore, as explained below, petitioner's federal petition is also untimely, and the timeliness of his state habeas appeal would not affect that determination.

2

habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted in the petition; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's judgment became final on or about January 3, 2017, the last date on which petitioner could have filed a notice of appeal regarding his criminal conviction which entered December 1, 2016. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired....") (citing 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:6 (allowing thirty days to note an appeal). The limitation period therefore began to run on January 4, 2017, and petitioner thus had until January 4, 2018 to file a federal habeas petition. Petitioner failed to do so, having filed the instant petition on October 24, 2019. See Dkt. No. 1. The petition is therefore time-barred unless tolling or a claim of actual innocence entitle petitioner to federal merits review. For the following reasons, they do not.

A. *No Entitlement to Statutory Tolling*

In calculating the one-year statute of limitations described above, reviewing courts must exclude the time during which state post-conviction or other collateral proceedings pursued by a petitioner were pending. 28 U.S.C. § 2244(d)(2). To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the judgment under scrutiny. 28 U.S.C. § 2244(d)(2). Because petitioner here did not file a petition for writ of habeas corpus in state court until April of 2018, by which point the federal filing period had already expired, the pendency of his state petition did not toll the federal period. See Meredith v.

Clarke, No. 7:15cv502, 2015 WL 7783594 (E.D. Va. Dec. 3, 2015). Consequently, statutory tolling provisions do not rescue the instant petition from untimeliness.

B. *No Entitlement to Equitable Tolling*

One may also bypass a § 2244(d)(1) time-bar via equitable tolling. To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way, preventing him from timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate fulfillment of both elements of the test. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Equitable tolling is to be applied infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). Petitioner here has not attempted to explain a basis for his entitlement to equitable tolling nor has he demonstrated that he acted with diligence in filing his § 2254 petition.

C. *No Demonstration of Actual Innocence*

A petitioner is also entitled to federal review of the merits of untimely habeas claims if he establishes a colorable claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383 (2013). To establish such a claim, "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." Schlup v. Delo, 513 U.S. 298, 316 (1995) (emphasis in original). Petitioner here has not proffered any new evidence to demonstrate a colorable claim of actual innocence. He therefore may not escape the § 2244 time bar on this ground.

Accordingly, it is hereby

ORDERED that respondent's motion to dismiss [Dkt. No. 11] be and is GRANTED and this petition is DISMISSED WITH PREJUDICE as time-barred.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement evincing a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). This Court expressly declines to issue such a certificate for the reasons stated above.

The Clerk is directed, pursuant to Rule 58 of the Federal Rules of Civil Procedure, to enter final judgment in favor of respondent Harold W. Clarke, to send a copy of this Order to petitioner and counsel of record for respondent, and to close this civil action.

Entered this 13th day of May 2020.
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge